## JOHN SANDLAND agt. EDSON ADAMS.

Where defendant's attorney served an affidavit of merits on plaintiff's attorneys, entitled " Edson Adams ads. John *Sunderland,*" and it appeared the plaintiff's name in the cause was John *Sandland ;* it was held, that it was another name, and the plaintiff's attorneys were regular in taking the inquest.

*February Term,* 1846.

MOTION by defendant to set aside inquest and all subsequent proceedings, for irregularity.

Issue was joined November 11, 1845, and notice of trial and inquest given for the circuit court held at the city of New York, on the 4th Monday of December last. On the 13th of December, an affidavit of merits, made by defendant, was filed with the clerk of the circuit, being before the first day of the circuit. On the same day, 13th of December, a copy of the affidavit of merits was served on plaintiff's attorneys. On the 23d December, an inquest was taken in the cause, out of its regular order on the calendar,

by plaintiff's attorneys and judgment subsequently entered up and docketed. The action was assumpsit, for a bill of goods and a promissory note. Plaintiff's attorneys stated that they had never been served with any affidavit or copy of an affidavit of merits *in this cause.* On the 13th December, defendant's attorney served on plaintiff's attorneys a copy of an affidavit in a cause, entitled " Edson Adams ads. John *Sunderland.*" Plaintiff's attorneys stated that they were not engaged in such a cause.

> J. W. TOMPKINS, *defendant's counsel.*
> GEO. MILES, *defendant's attorney.*
> J. EDWARDS, *plaintiff's counsel.*
> YORK & COOK, *plaintiff's attorneys.*

BRONSON, Chief Justice. Held: that the copy affidavit merits served was not entitled in this suit, the plaintiff was another name. Plaintiff's attorneys were regular in taking the inquest.

Motion denied with costs.